**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARGIE A. HAYES,

Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

Defendant - Appellee.

No. 02-7057
D.C. No. 01-CV-391-W
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Margie A. Hayes appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether her factual findings were supported by substantial evidence in light of the entire record and to determine whether she applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Hayes alleged disability as of 1994 [1] due to rheumatoid arthritis, degenerative arthritis, muscle spasms, migraine headaches, tendinitis in her elbows, and lower back pain. The administrative law judge (ALJ) determined that Ms. Hayes was not disabled at step five of the five-step sequential process,

---

[1]     Ms. Hayes' insured status expired September 30, 1998. Therefore, the relevant time period for determining her disability status is from January 12, 1994, the date she claimed she became unable to work, to September 30, 1998. See Adams v. Chater, 93 F.3d 712, 714 (10th Cir. 1996).

see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as she could perform sedentary work.

On appeal, Ms. Hayes argues that the ALJ should have ordered a consultative psychological exam, improperly discredited her subjective complaints, and made an incorrect residual functional capacity determination. She contends the ALJ was not entitled to rely on the guidelines and the testimony of the vocational expert did not constitute substantial evidence to support the ALJ's decision that she can perform substantial gainful activity.

We have reviewed the record before this court. While not all of the evidence supports the ALJ's factual determinations, substantial evidence does. See, e.g. , O'Dell v. Shalala , 44 F.3d 855, 858 (10th Cir. 1994) ("Evidence is insubstantial if it is overwhelmingly contradicted by other evidence"). That is all that is required. Further, the ALJ did not commit any reversible errors at law.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-3-